IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN DAVID SCHELFE, #395653, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | NO. 3:23-cv-00162 |
| WARDEN GRADY PERRY, | ) ) | JUDGE CAMPBELL |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jonathan Schelfe, an inmate of the South Central Correctional Facility in Clifton, Tennessee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Respondent subsequently filed a Motion to Dismiss the Petition based on the statute of limitations (Doc. No. 12), supported by a memorandum of law (Doc. No. 13) and the record of proceedings in state court. (Doc. No. 11.) Petitioner then filed a Reply (Doc. No. 16) to the Motion to Dismiss.

Respondent's Motion to Dismiss is now before the Court for disposition. Having carefully considered the pleadings and record, the Court finds that an evidentiary hearing is not needed to resolve the Motion. *See Kitchen v. Bauman*, 629 F. App'x 743, 749 (6th Cir. 2015) (citing *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)) (finding it within district court's discretion, after review of petitioner's factual allegations and the state court record, to hold evidentiary hearing to determine petition's timeliness). As explained below, this action is untimely and will be dismissed on that basis.

# I. BACKGROUND

In 2012, Petitioner was indicted on 46 counts of various sexual crimes perpetrated against his own minor children. (Doc. No. 11-1 at 3–50.) On May 23, 2013, in Sumner County criminal case number 659-2012, he pled guilty to counts 1, 4, 5, and 8 (for rape of a child "between on or about 2007 and on or about 2009") and received an effective sentence of 15 years in the Tennessee Department of Correction. (*Id.* at 8, 11–12, 15, 53–54.) That 15-year sentence also accounted for two counts of aggravated sexual battery. (*Id.*) Consecutively to that 15-year sentence, Petitioner was sentenced to 25 years based on concurrent sentences for fifteen additional counts, yielding a total effective sentence of 40 years in prison. (*Id.* at 51–54.) Petitioner did not file a direct appeal from his conviction or sentence.

Five years later, on July 30, 2018, Petitioner filed a pro se motion in the trial court under Tennessee Rule of Criminal Procedure 36.1, to correct an illegal sentence. (Doc. No. 11-2 at 2–53.) In that motion, he claimed that his plea agreement was based on fraud, because the 15-year sentences he received on counts 1, 4, 5, and 8 (for rape of a child occurring between 2007 and 2009) were inconsistent with an amendment to the sentencing law, effective July 1, 2007, that required a 25-year mandatory minimum sentence for rape of a child. (*See id.* at 6–10, 48–50.) Because he received less than the mandatory minimum sentence on these four counts, he argued that his entire plea deal was void, that all indictments should be dismissed with prejudice, and that he should be released from prison and have his record expunged. (*See id.* at 48–52.)

On August 9, 2018, the State filed a motion to dismiss Petitioner's Rule 36.1 motion. (Doc. No. 11-3 at 3–52.) The State's motion reiterated that, according to the indictment, the criminal conduct charged in counts 1, 4, 5, and 8 occurred sometime between 2007 and 2009. (*Id.* at 3; *see also* Doc. No. 11-1 at 8, 11–12, 15.) The State then argued as follows:

2

> This sentence is not an illegal sentence. From January 1, 2007 until June 30, 2007 the statutory sentencing scheme for Rape of a Child allowed for a sentence of 15-25 years at 100% to serve in the Tennessee Department of Corrections. In fact, the State would have to have provided proof at trial that the events happened after the July 1, 200[7] sentencing change to allow the Defendant to receive the more serious sentence of 25 at 100%. … Certainly, it is to the benefit of the Defendant to receive a sentence of 15 years at 100% instead of the mandatory 25 years at 100%.

(Doc. No. 11-3 at 5.) After holding a hearing (Doc. No. 11-4), the trial court agreed with the State and denied Petitioner's Rule 36.1 motion. (Doc. No. 11-2 at 80.)

Petitioner filed an appeal to the Tennessee Court of Criminal Appeals (TCCA), which affirmed the denial of Rule 36.1 relief in a decision dated August 29, 2019. (Doc. No. 11-9); *State v. Schelfe*, No. M2018-01604-CCA-R3-CD, 2019 WL 4071981 (Tenn. Crim. App. Aug. 29, 2019). The TCCA observed that:

> Significantly, at the Petitioner's May 23, 2013 guilty plea hearing, the State advised the trial court as follows:
>
>> [The Petitioner] will be pleading guilty to Counts 1, 4, 5, and 8, rape of a child. Your Honor, these counts occurred sometime between 2007 and 2009. There was a change in the statutory scheme on the sentencing for rape of a child July 1st, 2007. Accordingly, I believe, the [Petitioner] has the right to select which sentencing scheme he wants to be sentenced under.... We have agreed that he will be sentenced under the sentencing scheme prior to July 1st, 2007. In that situation, rape of a child carried 15 to 25 years at 100 percent.
>
> The State then provided the following factual basis in support of the Petitioner's guilty pleas to rape of a child in counts 1, 4, 5, and 8:
>
>> From the time that [the victim] was about seven years old, beginning in 2007, sometime in 2007, the initial encounter involved her walking in, seeing her father, the [Petitioner], watching pornography. He encouraged her to continue to stay there and watch the pornography with him.
>>
>> Within a relatively short period of time, he began to molest her. He would do so on a regular basis. At least weekly or every other week he would touch her on her vaginal area, he would have her touch his penis, he would digitally penetrate her, and he would perform oral sex on her. Those are the bases of the Counts 1, 4, 5, 8, and 9 through 12.

3

*Schelfe*, 2019 WL 4071981, at *1. The TCCA agreed with the trial court that sentencing under the law applicable to conduct occurring prior to July 1, 2007 was appropriate, that it did not expose Petitioner to greater punishment than was prescribed at the time of the charged offenses, and that it did not provide any basis for collaterally attacking his guilty plea. *Id.* at *3. The TCCA denied Petitioner's subsequent petition for rehearing (Doc. No. 11-11) and, in an order dated February 19, 2020, the Tennessee Supreme Court denied Petitioner's application for permission to further appeal the matter. (Doc. No. 11-14.)

On September 22, 2020, Petitioner filed a pro se petition for habeas corpus relief in state court, again claiming that the trial court accepted an unlawful plea agreement in which he was induced to accept "prohibited fifteen (15) year sentence(s) . . . for counts one (1), four (4), five (5), and eight (8), offenses that . . . occurred 'between on or about 2007 and on or about 2009,' . . . in direct contravention of the only jurisdictionally applicable twenty-five (25) year mandatory minimum sentence provision pursuant to Tenn. Code Ann. § 39-13-522(b)(2)(A) (effective July 1, 2007)." (Doc. No. 11-15 at 7–68, 36.) The state habeas petition was denied (Doc. No. 11-18 at 32), and Plaintiff appealed to the TCCA. On May 16, 2022, the TCCA issued a decision affirming the denial of habeas relief. (Doc. No. 11-22); *Schelfe v. State*, No. M2021-00501-CCA-R3-HC, 2022 WL 1537399 (Tenn. Crim. App. May 16, 2022). The Tennessee Supreme Court denied permission to appeal on October 19, 2022. (Doc. No. 11-27.)

Petitioner filed his pro se Petition for Writ of Habeas Corpus in this Court in February of 2023. (*See* Doc. No. 1 at 20–22.)

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996), habeas petitions are subject to a one-year statute of limitations.

28 U.S.C. § 2244(d)(1); *see Holland v. Florida*, 560 U.S. 631, 635 (2010). This one-year limitations period "run[s] from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In the majority of cases, the statute runs from the date when the judgment of conviction becomes final, pursuant to § 2244(d)(1)(A). In Petitioner's case, this date would be thirty days after his May 23, 2013 guilty plea, or June 22, 2013. *See Wlodarz v. Parris*, No. 23-5433, 2023 WL 7413743, at *2 (6th Cir. Nov. 2, 2023) (citing *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003)) (finding that, under § 2241(d)(1)(A), Tennessee inmate's limitations period began thirty days after entry of his guilty plea, "when his time to appeal his convictions and sentence expired"). Accordingly, if subsection (d)(1)(A) applies, this case was clearly filed too late, regardless of Petitioner's subsequent pursuit of state court remedies between 2018 and 2022.[1]

Recognizing his inability to establish timely filing within a year of his final judgment of conviction, Petitioner argues for the application of subsections (d)(1)(B) and (d)(1)(D). (Doc. No. 1 at 18–19; Doc. No. 16.) His argument under both subsections depends on his assertion that he

---

[1] Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, if the pursuit of postconviction remedies does not begin until after the one-year limitations period has run, statutory tolling under § 2244(d)(2) does not apply. *See, e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012).

5

did not know and was unable to discover the grounds supporting his habeas claims—namely, that if he had not agreed to 15-year sentences, then the State would have had to prove that the charged events happened after July 1, 2007 in order to properly sentence him—until those grounds were revealed on August 9, 2018, in the State's motion to dismiss his Rule 36.1 motion. But Petitioner is simply mistaken about the significance of that revelation. Far from "exonerat[ing]" him and "ask[ing] the trial court to declare [him] to be not-guilty of rape of a child between July 1, 2007 and 2009 for lack of evidence" (Doc. No. 1 at 7), this assertion in the State's motion did no more than confirm that Petitioner got the benefit of his bargain. That is to say, in exchange for not putting the State to its proof, Petitioner received a substantially more lenient sentence than the applicable sentencing law likely would have mandated: for each of the four child rapes charged in counts 1, 4, 5, and 8 as occurring "between on or about 2007 and on or about 2009," he received a concurrent sentence at the low end of the 15-25 year sentencing range applicable to such crimes committed between January 1 and July 1, 2007, regardless of whether some or all of those crimes were in fact committed on or after the latter date.

In any event, it is awareness of "vital facts for his claim," rather than understanding of "the legal significance of those facts," that drives the determination of "when a duly diligent person in petitioner's circumstances would have discovered the factual predicate for his claim." *Smith v. Meko*, 709 F. App'x 341, 344 (6th Cir. 2017) (quoting, *e.g.*, *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). Here, as highlighted by the TCCA, Petitioner was advised at his plea hearing that a change occurred in the sentencing scheme on July 1, 2007, and that the State had agreed to his sentencing under the prior scheme wherein "rape of a child carried 15 to 25 years at 100 percent." *State v. Schelfe*, 2019 WL 4071981, at *1. His inability to appreciate the significance of this arrangement until 2018 does not suffice to show (1) that the pertinent facts had previously been

6

Case 3:23-cv-00162   Document 17   Filed 02/22/24   Page 6 of 9 PageID #: 1303

undiscoverable, when those facts were established in his presence at the 2013 plea hearing, or (2) that the State in any way impeded his access to those facts or his pursuit of postconviction relief.

The Court thus finds that subsections (d)(1)(B) and (D) are inapplicable here. And there is no argument for the applicability of subsection (d)(1)(C). Accordingly, under § 2244(d)(1)(A), Petitioner's limitations period began to run on June 23, 2013, the day following the date on which his conviction became final by the expiration of time for seeking direct review. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing). The limitations period expired one year later, on June 23, 2014.

Although the running of AEDPA's statute of limitations may be equitably tolled in appropriate circumstances, *Keeling*, 673 F.3d at 462, nothing that Petitioner points to in arguing for the timeliness of this action could be construed as support for equitable tolling of the limitations period; indeed, he explicitly disclaims any tolling argument. (*See* Doc. No. 16 at 11 n.3 ("Petitioner has made no claim that the mere filing of his motion extends or tolls the statute of limitations. . . . Instead, he claims that [the statute began to run] when the state filed its [August 9, 2018] motion . . . and the motion was granted and upheld on appeal[.]").) Nor is Petitioner's claim that he is actually innocent of the crimes at issue here a legitimate one. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling). In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Lee v. Brunsman*, 474 F. App'x 439, 442 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In arguing (erroneously) that the actual innocence exception is triggered because "the state's August 9th, 2018

7

motion had the legal effect of [securing] the . . . dismissal of the charged criminal conduct" (Doc. No. 16 at 15), Petitioner has, at best, asserted "that his sentencing [became] procedurally defective, not that he was actually innocent of any of the acts underlying his conviction." *Id.* at 443. He thus cannot claim the benefit of the actual-innocence exception to the statute of limitations bar. *See id.*

### III. CONCLUSION

As explained above, this action is time-barred. Accordingly, Respondent's Motion to Dismiss (Doc. No. 12) is **GRANTED**, and this action is **DISMISSED**.

This constitutes a "final order adverse to" Petitioner, and the Court must therefore "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, the Court declines to issue a certificate of appealability in this case. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE